**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Mickey Markell Johnson,<br><br>     Petitioner,<br><br>vs.<br><br>Warden, Broad River Correctional<br>Institution,<br><br>     Respondent. | Civil Action No. 0:24-cv-01623-TMC<br><br><br>**ORDER** |

Petitioner Mickey Johnson, a state prisoner proceeding *pro se*, filed a petition and amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 61). Respondent Warden of Broad River Correctional Institution filed a motion for summary judgment, (ECF No. 68), and Petitioner filed a response and a supplement thereto, (ECF Nos. 80, 86). Now before the court is the magistrate judge's[1] Report and Recommendation ("Report"), recommending the district court grant the motion for summary judgment and dismiss the amended petition. (ECF No. 87). Petitioner filed objections to the Report, (ECF No. 91), Respondent filed a reply, (ECF No. 92), and this matter is ripe for review.

**BACKGROUND**

In 2012, the South Carolina State Grand Jury indicted Petitioner on multiple charges following the shooting death of an individual on March 22, 2011. (ECF No. 38-4 at 21-28).[2] The

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling.

[2] Though not included in Respondent's return and memorandum filed in conjunction with his *second* motion for summary judgment, the court cites to the appendix filed in conjunction with Respondent's *first* motion for summary judgment, which the magistrate judge dismissed without

case proceeded to trial, and the jury convicted Petitioner of accessory before the fact to murder, pointing and presenting a firearm at a person, criminal conspiracy, and unlawful carrying of a pistol. (ECF Nos. 67-1 at 1; 38-4 at 27; 38-5 at 3). The trial court sentenced Petitioner to concurrent terms of confinement of life for accessory before the fact to murder, five years for pointing and presenting a firearm at a person, five years for criminal conspiracy, and one year for unlawful carrying of a pistol. (ECF No. 67-1 at 2).

Petitioner filed a notice of appeal, which the South Carolina Court of Appeals denied as untimely. (ECF No. 38-5 at 4). Petitioner then filed a petition for post-conviction relief ("PCR"), arguing, among other things, trial counsel was ineffective in failing to timely file an appeal. (ECF No. 38-5 at 3). The PCR court determined Petitioner was entitled to a direct appeal, noting that the respondent conceded Petitioner did not knowingly and voluntarily waive his right to a review of his direct appeal issues. (ECF No. 38-4 at 9). However, the PCR court denied and dismissed with prejudice Petitioner's PCR application. *Id*. at 20.

Petitioner subsequently filed a petition for a writ of certiorari, (ECF No. 38-6), and a brief pursuant to *White v. State*,[3] (ECF No. 38-7), thereby presenting his direct appeal issues as well as seeking certiorari for appellate review of his PCR issues. In his petition, Petitioner argued: (1)

---

prejudice after Petitioner filed his amended petition, (ECF No. 63). The documents in the appendix that are cited herein (*e.g.*, the superseding indictment, appellate briefs, and state court court orders) are matters of public record "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting courts "may properly take judicial notice of matters of public record"). Indeed, Petitioner does not dispute the accuracy of these documents and even cites to them in his amended petition for a writ of habeas corpus, his response to Respondent's second motion for summary judgment, and in his objections to the Report. (ECF Nos. 61, 80, 91).

[3] *White v. State*, 208 S.E.2d 35 (S.C. 1974) (holding a PCR applicant may petition the South Carolina Supreme Court for review of direct appeal issues when the PCR court determines the applicant did not freely and voluntarily waive their rights to a direct appeal).

there was evidence to support the PCR court's finding that he was entitled to a belated review of his direct appeal issues; and (2) trial counsel was ineffective in failing to object to the State's closing argument vouching for the State's witnesses. (ECF No. 38-6). In his *White v. State* brief, Petitioner argued the trial court erred in allowing extensive expert and lay testimony regarding gangs because it was unduly prejudicial and bolstered the testimony of the co-defendants who testified for the State. (ECF No. 38-7 at 6).

The South Carolina Supreme Court transferred the appeal to the South Carolina Court of Appeals, (ECF No. 38-10), which granted the petition for a writ of certiorari as to the PCR court's finding that Petitioner was entitled to a belated direct appeal and denied the petition as to the ineffective assistance of counsel issue, (ECF No. 38-11). In a published opinion filed June 23, 2021, the South Carolina Court of Appeals held the trial court did not abuse its discretion in admitting the gang-related evidence as it was logically relevant to show motive and intent as authorized by Rule 404(b) of the South Carolina Rules of Evidence ("SCRE") and not unduly prejudicial within the meaning of Rule 403, SCRE. *Johnson v. State*, 860 S.E.2d 696 (S.C. Ct. App. 2021). The Court of Appeals remitted the matter on July 13, 2021. (ECF No. 38-13).

Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 25, 2024. (ECF Nos. 1, 1-4 at 1). Thereafter, Petitioner filed an amended petition for a writ of habeas corpus, (ECF Nos. 61, 63), raising the following grounds for relief:

> **Ground One:** Petitioner's trial counsel provided ineffective assistance in failing to object to the court's jury instruction on inferred malice and/or in stipulating to murder.
>
> **Ground Two:** The trial court erred in admitting evidence that Petitioner was affiliated with a gang.
>
> **Ground Three:** Petitioner's trial counsel provided ineffective assistance in conceding Petitioner's guilt as to the gun charges.

> **Ground Four:** The South Carolina State Grand Jury and Attorney General's Office lacked subject matter jurisdiction over his case.

(ECF No. 61).

Respondent moved for summary judgment, arguing the petition is untimely; therefore, summary judgment should be granted in Respondent's favor. (ECF No. 67 at 10-11). Additionally, Respondent asserts Petitioner's Grounds One, Three, and Four are procedurally defaulted as they were not raised to the state appellate courts. *Id*. at 14. In addition to being procedurally defaulted, Respondent contends Ground Four is not a cognizable claim for federal habeas review. *Id.* As to Petitioner's Ground Two concerning the admission of gang-related evidence, Respondent provides Petitioner's challenge concerns state evidentiary rulings and does not present an issue that is cognizable for federal habeas review. *Id*. at 15. Further, to the extent Petitioner seeks to expand his argument concerning the gang-related testimony from that presented to the South Carolina Court of Appeals, Respondent contends such arguments are procedurally defaulted. *Id*.

In her Report, the magistrate judge recognized the petition is untimely. (ECF No. 87 at 8). However, she proceeded to address the merits of the grounds raised and explained that, because the petition lacks merit, it is unnecessary to determine whether, as Petitioner argues, the statute of limitations should be tolled due to his former counsel's conduct.[4] *Id*. at 8. As to the grounds raised in the amended petition, the magistrate judge agreed with Respondent that Grounds One and Three are procedurally defaulted because neither ground was presented to the state appellate courts and Petitioner has not shown cause and prejudice to excuse the default. *Id*. at 9. Regarding Ground Four, which concerns the alleged lack of subject matter jurisdiction, the magistrate judge agreed

---

[4] The magistrate judge noted "[t]he documents provided by the parties support [Petitioner's] assertion that his attorney conveyed to him that he had filed a federal habeas petition on his behalf." (ECF No. 87 at 8 n.5).

with Respondent that it is procedurally defaulted and also that it "presents a question of state law and is thus not a cognizable federal habeas claim." *Id*. at 8, 10. Regarding Ground 2, which concerns the admission of gang-related evidence, the magistrate judge determined Petitioner failed to make the necessary showing to obtain habeas review of this state law question. *Id*. at 12. However, "[e]ven assuming" this is a cognizable habeas claim, the magistrate judge concluded the claim "lacks merit" as illustrated in the South Carolina Court of Appeals' detailed analysis of this issue. *Id*. at 13. She concluded her analysis of this ground, stating Petitioner's "disagreement with the state appellate court's analysis [concerning the admissibility of the gang-related testimony] is not enough for habeas relief" and that he "has not otherwise argued—let alone shown—that the court's determination was an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts." *Id*.

Petitioner filed objections to the Report, contesting only the magistrate judge's findings concerning Grounds Two and Four. (ECF No. 91).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*,

478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'"  *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)).  However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.'"  *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party has the burden of proving that summary judgment is appropriate.  *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322-23).  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc*., 790 F.3d 532, 540 (4th Cir. 2015).

## DISCUSSION

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, "a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to obtain relief under § 2254, Petitioner must show that a claim that was adjudicated on the merits in a state court proceeding:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A petition made under this statute "is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the initial appeals." *Williams v. Taylor*, 529 U.S. 362, 383 (2000).

Absent circumstances inapplicable here, the AEDPA mandates that a person in custody pursuant to a state court judgment exhaust their state court remedies before a federal court may grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). This includes "'both the operative facts

and the controlling legal principles' associated with each claim."[5] *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). "'A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default'—often referred to as a procedural bar—one example of which occurs 'when a habeas petitioner fails to exhaust available state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Mahdi v. Stirling*, 20 F.4th 846, 892 (4th Cir. 2021) (quoting *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998)). "In addition, procedural default occurs when 'a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal.'" *Id*. at 893 (quoting *Breard*, 134 F.3d at 619). "Relevant here, a claim is procedurally barred if the petitioner 'fail[s] to raise [it] in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision.'" *Id*. (quoting *Longworth*, 377 F.3d at 448). *See Longworth*, 377 F.3d at 447-48 (explaining "[a] habeas petitioner in state custody generally must exhaust state court remedies, *see* 28 U.S.C. § 2254(b), and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts-absent cause and prejudice or a fundamental miscarriage of justice").

The applicable deadline for filing this petition for a writ of habeas corpus is set forth in 28 U.S.C. § 2244. Respondent contends this petition is untimely under the statute, (ECF No. 67 at 9-11); however, Petitioner, argues the time for filing his petition should be tolled due to his former counsel's conduct, (ECF No. 80 at 1-6). Like the magistrate judge, the undersigned will proceed

---

[5] Respondent recognizes Petitioner has no available state law remedies, (ECF No. 67 at 7-8); however, as discussed herein, Respondent contends multiple grounds raised in the petition are procedurally barred as they were not presented to the state appellate courts.

with addressing the grounds raised in the petition, as the court is not required to address the timeliness of the petition. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002) (indicating that the statute of limitations listed in § 2244 is not jurisdictional, and, therefore "a federal habeas court is not duty-bound to consider the timeliness of a § 2254 petition"). Accordingly, because Petitioner has failed to set forth a viable ground for habeas relief, the court ultimately need not make a finding as to whether the circumstances presented warrant tolling the statute of limitations.

As mentioned, Petitioner objects to the magistrate judge's recommendations concerning Grounds Two and Four. (ECF No. 91). He does not object to her recommendations concerning Grounds One and Three (*i.e.*, whether trial counsel was ineffective in failing to object to a jury instruction on inferred malice and/or in conceding Petitioner's guilt as to the gun charges).[6] Therefore, the court must only review the magistrate judge's findings and recommendations as to Grounds One and Three for clear error. Having found none, the court adopts the magistrate judge's relevant findings and recommendations and concludes Grounds One and Three are procedurally defaulted and that Petitioner has failed to establish cause and prejudice to excuse the default as to either ground. Additionally, the court finds that Petitioner has not established that the failure to consider such claims will result in a fundamental miscarriage of justice. Therefore, Respondent is entitled to summary judgment as to Grounds One and Three.

---

[6] Following the filing of the Report, but before Plaintiff filed his objections, Plaintiff filed a letter to the magistrate judge, (ECF No. 90), which the court has considered during its review of this case. While the letter was filed after the filing of the Report, nothing in the letter is responsive to the Report. Most notably, the letter does not address the issue of procedural default as to any of the asserted grounds for relief. Additionally, the letter specifically indicates that Petitioner's intended purpose was to "share [his] notes" with the magistrate judge, and nowhere does Petitioner state any objection to or make any mention of the Report. *Id*. at 1. Thereafter, Petitioner filed his objections, (ECF No. 91), in which he only challenged the Report's determinations as to Grounds Two and Four. He attached several modified pages of his letter at docket entry 90 to the objections, none of which addressed Grounds One or Three. *Compare* (ECF No. 91-2 at 1-4) *with* (ECF No. 90 at 10-14).

The court provides a *de novo* review of Petitioner's remaining grounds for relief below. For reasons that will be discussed, the court adopts the magistrate judge's recommendation to grant Respondent's motion for summary judgment, finding there is no genuine dispute as to any material fact and Respondent is entitled to judgment as a matter of law.

## I.     Whether the trial court erred in admitting evidence that Petitioner was affiliated with a gang. (Ground Two)

Petitioner argues the trial court erred in admitting evidence that he was affiliated with a gang. (ECF No. 61 at 8). In his amended petition, Petitioner attempts to expand the scope of his argument from that which was raised to the South Carolina Court of Appeals. Therefore, the court turns to Petitioner's appellate brief to determine the scope of the issue properly before it.

In his *White v. State* brief, Petitioner framed the gang-related evidence issue as: "Whether the trial court erred in allowing extensive expert and lay testimony on gangs because under State v. Lyle, it suggested prior bad acts, criminal propensity, was unduly prejudicial, and it bolstered the testimony of the co-defendants who testified for the State?" (ECF No. 38-7 at 4). The disputed evidence includes testimony from Detective William "Billy" Lyons who was qualified as a gang expert, (ECF No. 38-1 at 91-92); Special Agent Mark Benube from the State Law Enforcement Division who was qualified as an expert in gang investigations, (ECF No. 38-3 at 36); as well as testimony from four individuals who had experience as members of a gang, (ECF Nos. 38-1 at 207-327; 38-2 at 1-175; 38-3 at 3-30). Each of these witnesses identified Petitioner as the leader of the Sumter affiliate of the gang "135 Piru." (ECF Nos. 38-1 at 94, 210-11, 260, 316, 320; 38-2 at 104; 38-3 at 38). Many of these witnesses also testified as to the structure and practices of 135 Piru, including that it was Petitioner who called the meetings and determined who was punished and initiated. (ECF Nos. 38-1 at 92-105, 213, 217, 218, 222, 319, 323; 38-2 at 109-114, 120; 38-3 at 42). Multiple witnesses also testified as to their understanding of the events that transpired on

March 22, 2011. Specifically, witnesses testified that, during the afternoon of March 22, 2011, gunshots were exchanged at an apartment complex between Petitioner and members of a rival gang, (ECF Nos. 38-1 at 107-117, 130-31; 38-2 at 1-12, 129-31), and that, afterwards, Petitioner ordered members of 135 Piru to return to the apartment complex and shoot someone, (ECF Nos. 38-1 at 130-31; 38-2 at 16, 93, 143-46). That same evening, a lower ranked member of 135 Piru returned to the apartment complex and shot and killed Adrian Davis. (ECF No. 38-1 at 130-31). In arguing the trial court erred in admitting this and other gang-related evidence, Petitioner maintained on appeal that "[t]he gang testimony was extensive, excessive, and prejudicial." (ECF No. 38-7 at 12).

The South Carolina Court of Appeals held the trial court did not abuse its discretion in admitting the gang-related evidence as it was logically relevant to show motive and intent as authorized by Rule 404(b) of the South Carolina Rules of Evidence ("SCRE") and not unduly prejudicial within the meaning of Rule 403, SCRE. *Johnson v. State*, 860 S.E.2d 696 (S.C. Ct. App. 2021). In so holding, the court explained:

> This evidence was essential to explain the motive and intent behind the otherwise senseless shooting of the innocent Victim. Much of the gang evidence admitted demonstrated [Petitioner's] iron grip on his gang underlings, enforced by physical intimidation, and how, Brandon, Bradley, and Stamps were beholden to him and [the gang]. The trial court was well within its discretion in finding this evidence was logically relevant to provide criminal conspiracy and accessory before the fact of murder. The evidence of [Petitioner's] leadership of [the gang] and his ordering of the random hit was probative—if not essential—to establish the reason why Brandon killed Victim and that he did so intentionally and maliciously. . . . This evidence therefore cleared, with room to spare, *Perry*'s[7] hurdle that prior bad act proof serve some purpose other than parading [Petitioner's] propensity for violence.

---

[7] *State v. Perry*, 842 S.E.2d 654, 664-65 (S.C. 2020) (reaffirming that a trial court's standard for determining whether evidence of other acts may be admissible to show a common scheme or plan is the "logical connection" test set forth in *Lyle*).

*Id.* at 700. Having determined the gang-related testimony met Rule 404(b)'s narrow criteria, the court continued its analysis, finding the trial court did not abuse its discretion in concluding the probative value of Petitioner's gang affiliation was substantially outweighed by the danger of unfair prejudice. *Id.* at 701-02. Still, the court noted that:

> While the trial court's admission of [Petitioner's] affiliation with 135 Piru was not unduly prejudicial, *the State came close to overplaying its hand in several respects*. As we have held, evidence of the gang structure and culture passed Rule 404(b)'s logically relevant test, but *we question why the jury needed to be repeatedly told the same thing about the same gang*. The proverb may be true that judges, knowing nothing, need to be told the same thing three times, but juries do not, and *Rule 403's bar against cumulative evidence empowers the trial judge to exclude the repetitive. Further, some of the testimony about [Petitioner] and 135 Piru was so explosive that it may have implicated other Rule 403 concerns*, including evidence that:
>
> > • [Petitioner] previously led a gang known as "Sex Money Murder," whose members gained rank by "beating people, robbing, stealing, and selling drugs."
> >
> > • Crayton's nickname was "Homicide."
> >
> > • 135 Piru's national leader, known as "Machete," once visited Sumter and declared that certain locals who were "false-claiming" to be 135 Piru members should be forced to join or be killed.
> >
> > • [Petitioner] arranged for subordinate members to commit crimes at times he was not present.
>
> *This and other worrisome testimony surrounded the evidence admitted regarding 135 Piru and the events of March 22, 2011, **but we have only been presented with [Petitioner's] general unfair prejudice challenge to the admission of "gang evidence."***

*Johnson*, 860 S.E.2d at 701-02 (emphasis added).

In his amended petition and objections to the Report, Petitioner contends the gang-related evidence should have been excluded because its probative value is substantially outweighed by the danger of unfair prejudice. (ECF Nos. 61 at 13-14; 91 at 1-2). He disputes the South Carolina Court of Appeals' finding that the information was necessary to prove motive, (ECF No. 61 at 14-

15), and he argues the evidence did not have a legitimate purpose, *id*. at 18. Petitioner also attempts to cast doubt on any motive he may have had as to the shooting by noting that other individuals had motive to kill and that their motive "made more sense" than the State's "motive/gang related case that the State produced against [Petitioner]." *Id*. at 17.   Petitioner contends the South Carolina Court of Appeals' ruling on this issue "should be reversed as a matter of law, as it was a miscarriage of justice." (ECF No. 91 at 3).

The issue presented to the trial court and appellate court is one of state law. That is, whether the evidence at issue is admissible under state rules of evidence and the South Carolina Supreme Court's decision in *State v. Lyle*, 118 S.E. 803 (S.C. 1923). It is well established that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See Richardson v. Kornegay*, 3 F.4th 687, 696 (4th Cir. 2021) (recognizing that federal courts presented with a petition for a writ of habeas corpus "do not generally review state-court determinations of state-law questions, like the admissibility of evidence"); *Stockton v. Virginia*, 852 F.2d 740, 748 (4th Cir. 1988) (providing "the admissibility of evidence is generally a matter of state law which does not properly concern a federal habeas court unless it impugns the fundamental fairness of the trial"). Therefore, to obtain habeas review of challenges to the admissibility of evidence, Petitioner "must establish either that the error was 'so extreme as to result in the denial of a constitutionally fair proceeding' or that it 'infringed specific constitutional protections.'" *Richardson*, 3 F.4th at 696 (quoting *Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008)) (alterations adopted). Accordingly, Petitioner's argument to the South Carolina Court of Appeals is not cognizable in a habeas action because it was only a "general unfair prejudice challenge to the admission of 'gang evidence'" under state law. *Johnson*, 860 S.E.2d at 702.

Though Petitioner now contends that the admission of the gang-related evidence violated his constitutional rights, including his Fourteenth Amendment right to due process (ECF Nos. 61 at 13; 91 at 3), Petitioner failed to raise any constitutional challenge to the admission of the gang evidence to the state appellate courts. As such, any constitutional challenge to the admission of such evidence is not properly before the court. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (reversing grant of habeas relief, which was based on the petitioner's argument that an evidentiary error amounted to a violation of the United States Constitution, because the petitioner did not claim a violation of any federal constitutional right in the state proceedings and explaining that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"); *Haltiwanger v. Warden*, No. 6:22-cv-3769-JFA-KFM, 2023 WL 8518996, at *10–11 (D.S.C. Oct. 5, 2023) (determining the petitioner's claim, to the extent it is based on federal law, was procedurally defaulted because, when arguing his claim to the state courts, the petitioner based his argument entirely on state law, not federal law), report and recommendation adopted, No. 6:22-cv-3769-JFA-KFM, 2023 WL 8481473 (D.S.C. Dec. 7, 2023); *Bradley v. Cartledge*, No. 2:15-cv-2705-BHH-MGB, 2016 WL 11407787, at *7 (D.S.C. July 19, 2016) (determining that, to the extent the petitioner attempts to argue the admission of evidence was unconstitutional, such argument appeared to be procedurally barred, as he did not raise any constitutional issue concerning this evidence to the trial court), report and recommendation adopted, No. 2:15-cv-2705-BHH, 2016 WL 5539524 (D.S.C. Sept. 30, 2016); *Hagood v. Reynolds*, No. 4:10-cv-2581-RMG, 2011 WL 4501543, at *2 (D.S.C. Sept. 28, 2011) (finding the respondent was entitled to summary judgment both to the extent the petitioner relied on Rule 403, SCRE for his challenge to the admissibility of certain photographs because "[t]he admission of evidence is within the

discretion of the trial court and will not be reversed absent an abuse of discretion," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions", *as well as to the extent the petitioner relied on the United States Constitution for such challenge* because the petitioner never raised such a claim in his state court proceedings) (internal citations omitted); *Keith v. Stevenson*, No. 4:09-cv-1865-MBS, 2010 WL 3786122, at *8 (D.S.C. Sept. 20, 2010) (holding the petitioner's habeas claim concerning the admission of evidence as framed as a due process issue is procedurally defaulted as it was not previously raised to the state courts). Therefore, to the extent Petitioner challenges the admission of the gang evidence under *federal* law, such a challenge is not properly before the court and Petitioner has failed to articulate cause and prejudice or show a fundamental miscarriage of justice to consider it. *See, e.g.*, *Mahdi*, 20 F.4th at 893 (stating "[t]o establish 'cause,' the petitioner must show 'that some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court at the appropriate time,' or that 'the factual or legal basis for the claim was not reasonably available . . . at the time of the state proceeding'") (citations omitted).

Furthermore, even if Petitioner's claim was cognizable under federal habeas review and was properly before the court, upon a thorough review of the record before it, including the trial transcript, the court agrees with the magistrate judge that Petitioner failed to show that the admission of the gang evidence was an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts.[8]

---

[8] To the extent Petitioner attempts to argue trial counsel was ineffective on this issue despite his multiple motions concerning the admission of gang evidence, such argument is likewise procedurally barred, and Petitioner has failed to make the requisite showing to consider it. (ECF No. 80 at 8).

II.     **Whether the State Grand Jury and Attorney General's Office had subject matter jurisdiction over Petitioner's case. (Ground Four)**

Plaintiff contends the South Carolina State Grand Jury and Attorney General's Office lacked subject matter jurisdiction over his case because the State failed to comply with South Carolina's gang statutes. (ECF Nos. 61, 66 at 1).

For context, the superseding indictment in this case states that each count against Petitioner concerns "conduct arising out of, or involving, a criminal gang or a pattern of criminal gang activity pursuant to [S.C. Code Ann.] § 14-7-1630(A)(2)." (ECF No. 38-4 at 21-28). Section 14-7-1630 of the State Grand Jury Act provides, in relevant part: "[t]he subject matter jurisdiction of a state grand jury in all cases is limited to the following offenses: . . . a crime involving criminal gang activity or a pattern of criminal gang activity pursuant to Article 3, Chapter 8, Title 16". S.C. Code Ann. § 14-7-1630(A)(2). The Criminal Gang Prevention Act defines "criminal gang" as "a formal or informal ongoing organization, association, or group that consists of five or more persons who form for the purpose of committing criminal activity and who knowingly and actively participate in a pattern of criminal gang activity." S.C. Code Ann. § 16-8-230(2). It defines "pattern of criminal gang activity" as "the commission or attempted commission of, commission as an accessory before or after the fact to, or solicitation or conspiracy to commit, by a criminal gang member, while knowingly and actively participating in criminal gang activity, four or more of the following offenses occurring within a two-year period, provided that at least three of these offenses occurred after July 1, 2007." S.C. Code Ann. § 16-8-230(4).

Petitioner argues that the State had to present evidence to the South Carolina State Grand Jury proving the existence of a criminal gang and establishing a pattern of criminal gang activity pursuant to section 16-8-230(2). (ECF No. 61 at 8, 32). Though state grand jury proceedings are

secret, and Petitioner was not present during them,[9] Petitioner nevertheless assumes the State failed to present the necessary evidence to the grand jury to prosecute this case. (ECF No. 61 at 33). Therefore, he posits the grand jury and trial court lacked jurisdiction over it. (ECF Nos. 61 at 8, 21, 24-28, 32-33; 91 at 4). He appears to base this assumption on the evidence that was later presented during trial, which he argues was also insufficient to establish a criminal gang under the aforementioned statutes. Alternatively, even if the South Carolina State Grand Jury was presented with sufficient evidence, Petitioner argues such evidence was not presented at trial; therefore, he contends his right to due process was violated. (ECF No. 61 at 8). Petitioner recognizes the jurisdiction issue was only raised during a pretrial conference,[10] and that it was not presented to

---

[9] (ECF No. 61 at 26); *See* S.C. Code § 14-7-1720(A) (stating state grand jury proceedings are secret and indicating that the accused is not allowed to be present for them).

[10] During the pretrial conference, trial counsel stated the following:

> The first motion that I was contemplating making, Your Honor, I just want to make sure I put this on the record, was there was some question about the jurisdiction of the state-wide grand jury. About two weeks ago, I went and met with the state-wide grand jury and I met with the Attorney General and met with Attorney Goings. He provided me with information.
>
> Just for the record so the record is protected, I feel sufficiently satisfied and explained to my client that the Attorney General's Office would have jurisdiction in this case. I think they have presented what they needed to present in front of the grand jury so there would not be a challenge to that. But just for protection of the record, my client and I went over the fact that we could potentially challenge, which goes into our second motion, Judge, that of a Lyle motion.

(ECF No. 38-1 at 8-9). Trial counsel then proceeded to object to the admission of the word gang due its prejudicial nature. Trial counsel renewed his "gang motions" at the close of the State's case with his directed verdict motion, (ECF No. 38-3 at 59), but he did not make another reference to the jurisdiction issue following the pretrial conference.

Though at one point Petitioner argues trial counsel was ineffective for conceding jurisdiction, (ECF No. 61 at 14), in his response to Respondent's motion for summary judgment, Petitioner argues trial counsel never "100%" conceded this issue, (ECF No. 80 at 9). It matters not to the resolution of this case whether trial counsel conceded the issue at trial because, as discussed herein,

the state appellate courts, but he argues the question of subject matter jurisdiction can be raised at any time. (ECF No. 80 at 6).

Respondent argues trial counsel "conceded subject matter jurisdiction existed under state law and at no time has Petition[er] presented a subject matter jurisdiction claim or in some way challenged jurisdiction under Section 16-8-230 or Section 14-7-1630." (ECF No. 67 at 26). He continues, stating "there is nothing within the record to review under AEDPA, and federal habeas courts do not endeavor to review the application of state law." *Id.* at 26. The magistrate judge determined that "[w]hether framed as a jurisdictional issue, a challenge to the indictment, or a violation of state statute, the issues presented in Ground Four are both procedurally defaulted and rooted only in state law." (ECF No. 87 at 11). In his objections, Petitioner disputes the magistrate judge's finding that this ground is rooted only in state law, claiming that it is also rooted in federal law as the alleged error violated his due process rights under the Fourteenth Amendment. (ECFR No. 91 at 4). He maintains the "Statewide Grand Jury had a 'jurisdictional requirement' to establish a 'criminal gang' or a 'pattern of criminal gang activity' pursuant to statu[t]e 14-7-1630(A)(2), and them failing to do so rendered their jurisdiction over Petitioner's trial VOID." *Id.* The court agrees with the magistrate judge.

First, Petitioner's argument that the State failed to present sufficient evidence in the State Grand Jury proceedings is entirely speculative as he was not present during such proceedings. Secondly, whether the State met its burden under the state statutes in order to proceed on the superseding indictment is a matter of state law and Petitioner has failed to show that any such alleged deficiency was so egregious to render his trial fundamentally unfair. *See, e.g.*, *Ashford v.*

---

it is undisputed the issue was never presented to the state appellate courts, and Petitioner has failed to show circumstances that justify setting aside such procedural default.

*Edwards*, 780 F.2d 405, 407 (4th Cir. 1985) ("[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process"); *Jones v. Nelson*, No. 2:24-cv-512-JD-MGB, 2025 WL 907386, *7 (D.S.C. Jan. 28, 2025) (finding the petitioner presented no evidence from which the court could conclude that the purported errors regarding the indictment, *i.e.*, whether the grand jury was properly impaneled at the time of his indictment, "were so egregious as to render his trial fundamentally unfair" as well as that the petitioner's claim was based upon a purported violation of state statute and is improper for federal habeas review); *Green v. James*, No. 4:22-cv-4291-JDA, 2024 WL 1854513, *3 (D.S.C. April 29, 2024) (holding the petitioner's claim that the state court was deprived of jurisdiction to convict him due to an alleged defect in the indictment was not cognizable in habeas corpus because "'state indictments and state court subject matter jurisdiction are matters of state law that are not cognizable in federal habeas corpus' and 'the South Carolina Supreme Court has held that defective indictments have no effect on whether a court has subject matter jurisdiction over a criminal case'") (quoting *Cabbagestalk v. McFadden*, No. 5:14-cv-3371-RMG, 2015 WL 4077211, at *22 (D.S.C. July 1, 2015)); *Banner v. Wallace*, No. 6:23-cv-03256-JD-KFM, 2023 WL 6666618, at *3 (D.S.C. Aug. 18, 2023) (opining the petitioner's challenge to the validity of the indictments "lies in state law and procedure and, as such, is not cognizable under § 2254"), report and recommendation adopted as modified, No. 6:23-CV-03256-JD-KFM, 2023 WL 6662250 (D.S.C. Oct. 12, 2023), appeal dismissed, No. 23-7062, 2024 WL 2815171 (4th Cir. June 3, 2024); *Dilworth v. Markle*, 970 F. Supp. 2d 498, 507 (N.D.W. Va. 2013) (explaining that "[a]lthough the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury" and

that "[i]t then follows that because there is no federal constitutional requirement that a state proceed on criminal charges by way of indictment, . . . there can be no constitutional challenge to the sufficiency of the indictment itself) (quoting *Alexander v. Louisiana*, 405 U.S. 625, 633 (1973)); *Kelly v. Peyton*, 420 F.2d 912, 914 (4th Cir. 1969) ("there is no constitutional right to be tried on an indictment in a state criminal prosecution"). Moreover, Petitioner concedes this issue was not raised to the state appellate courts. As such, even if the claim were cognizable on federal habeas review, the claim is procedurally defaulted, and Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice to excuse the default.

To the extent Petitioner's position as to this ground could be construed as challenging whether sufficient evidence was presented at trial to show "a criminal gang formed for the purpose of committing criminal activity" in order to convict on the charges in the superseding indictment, (ECF Nos. 61 at 27, 30-31; 80 at 13), the court notes that Petitioner never raised this argument to the trial court or state appellate court. Nor did he previously raise his cursory argument that the South Carolina Criminal Gang Prevention Act is unconstitutional. (ECF No. 80 at 18). As discussed, the issues raised between his petition for a writ of certiorari and his *White v. State* brief were whether:  (1) there was evidence to support the PCR court's finding that he was entitled to a belated review of his direct appeal issues; (2) trial counsel was ineffective in failing to object to the State's closing argument vouching for the State's witnesses; and (3) the trial court erred in allowing extensive expert and lay testimony on gangs because it was unduly prejudicial and bolstered the testimony of the co-defendants who testified for the State. (ECF Nos. 38-6, 38-7). Therefore, any other issues raised in Petitioner's petition are procedurally barred, and Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default.

## CONCLUSION

Accordingly, for the reasons set forth above, the court **ADOPTS** the magistrate judge's recommendation in the Report, (ECF No. 87), and **GRANTS** Respondent's summary judgment motion, (ECF No. 68).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, Petitioner is advised that he may seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
August 20, 2025